**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| DEVON PETWAY, | ) | CASE NO. 5:25-cv-2002 |
| | ) | |
| | ) | |
| Plaintiff, | ) | CHIEF JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| MICHAEL DAILEY, *et al.*, | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

Before the Court is the motion to dismiss (Doc. No. 14 (Motion)) by defendant Michael

Dailey under Fed. R. Civ. P. 12(b)(6). Plaintiff Devon Petway, pro se, opposes. (Doc. No. 26

(Opposition).)[1] For the reasons stated below, the motion is **GRANTED**.

I.      **BACKGROUND**

The facts recited herein are taken largely from the allegations in Petway's complaint. (Doc.

No. 1 (Complaint).) On September 11, 2025, at approximately 11:43 a.m., Petway was seated

outside the chambers of Judge Alison Breaux of the Summit County Court of Common Pleas.[2] (*Id.*

---

[1] The Court notes that Petway's opposition was filed well beyond the time provided for in the Local Rules. *See* LR 7.1. Nonetheless, in light of the leniency typically provided to pro se litigants, the Court will consider the arguments contained therein. Petway is cautioned, however, that future filings should comply with the applicable rules of civil procedure.

[2] Petway alleges that she was seated outside Judge Breaux's chambers at the time in question. But Dailey asserts that Petway was, in fact, seated *inside* Judge Breaux's chambers (Doc. No. 14, at 2 n.3 (All page number references to the record herein are to the consecutive page numbers applied to each individual document by the Court's electronic filing system)), and Dailey attaches as Exhibit B to his motion video footage in support of this assertion. (Doc. No. 16 (Manual Filing).) The Court notes that, while it can consider this video to the extent it "blatantly contradict[s]" Petway's allegation that she was seated outside of chambers, *Bell v. City of Southfield, Michigan*, 37 F.4th 362, 364 (6th Cir. 2022), the Court need not do so because whether Petway was seated inside or outside of chambers has no effect on the Court's analysis. That said, the video appears to show that Petway was seated in Judge Breaux's outer chambers area (as opposed to her private chambers).

at 2.) Petway was drafting motions to challenge certain procedural violations that she believed had occurred in a case she had pending before Judge Breaux. (*Id.*) These violations included the court's alleged failure to redact her protected medical information on the public docket despite multiple motions seeking such redaction. (*Id.*)

Petway then "attempted to present [her] motions" to Magistrate[3] Michael Dailey. (*Id.*) Magistrate Dailey "refused to accept" personal hand-delivery of the motions and told Petway that "all matters, including mediation and the status of [her] confidential medical records, would not be addressed until September 22, 2025." (*Id.*) Petway found that timeline "insufficient" and sought to file "an emergency motion to be heard immediately." (*Id.*)

Again, Magistrate Dailey did not accept personal hand-delivery of Petway's motion[4] and, instead, summoned officers from the Summit County Sherriff's Office. (*Id.*) Defendant Deputy S. W. Mason of the Summit County Sherriff's Office "then entered, forcibly removed [Petway], dragged her across the courthouse, and caused her to be arrested and charged based on false

---

[3] Petway identifies Dailey as a "judicial attorney." (Doc. No. 1, at 1.) But Dailey points out (Doc. No. 14, at 2; Doc. No. 14-1 (Order of Appointment)) that he is a magistrate of the Summit County Court of Common Pleas, appointed on March 28, 2025. *See* Order, *In Re: Appointment of Michael D. Dailey as Acting Magistrate for the Court of Common Pleas, General Division, Pursuant to Civil Rule 53 and Criminal Rule 19*, Misc. No. 370 (Summit Cnty. Ct. of Com. Pl., Mar. 28, 2025). On a motion to dismiss, the Court may consider "public records or materials that are otherwise appropriate for taking judicial notice." *See Diei v. Boyd*, 116 F.4th 637, 643 (6th Cir. 2024) (cleaned up), *reh'g denied*, No. 23-5771, 2024 WL 4440446 (6th Cir. Oct. 4, 2024). Magistrate Dailey's appointment is a matter appropriate for judicial notice, and the Court may thus consider it. *See Limcaco v. Wynn*, No. 22-cv-11372, 2021 WL 5040368, at *5 (C.D. Cal. Oct. 29, 2021) (taking judicial notice of magistrate judge's appointment on Rule 12(b)(6) motion), *aff'd*, No. 21-56285, 2023 WL 154965 (9th Cir. Jan. 11, 2023); *cf. Weiser v. Benson*, 48 F.4th 617, 620 n.3 (6th Cir. 2022) (taking judicial notice of a publicly available document from a state agency). The Court thus considers Magistrate Dailey's appointment in deciding the motion.

[4] Notably, from the video attached to the motion as Exhibit B, it appears that Petway was aware that she had multiple avenues by which to submit filings that did not involving personal hand-delivery to the magistrate. At timestamp 10:09, Petway states that she can "pull out [her] laptop and file some motions[,]" suggesting she understood that the Court of Common Pleas accepts electronic filings. At timestamp 10:41, an officer appears to tell Petway that she can also submit filings at the clerk's office. Again, while the Court may consider the video to the extent it blatantly contradicts any of Petway's allegations, *see Bell*, 37 F.4th at 364, it need not do so here because Petway's awareness of the available avenues for filing documents has no effect on the analysis.

allegations of disturbance." (*Id.*) Petway was then "held for hours[.]" (*Id.*) During this time, Petway requested medical attention for injuries sustained during the arrest. (*Id.*) "Only after a prolonged delay was [Petway] taken to the hospital[.]" (*Id.*) Petway "sustained visible bruising on her body as a result of" the arrest. (*Id.*)

Petway now brings various claims against Magistrate Dailey, Deputy Mason, and Summit County, Ohio: Count 1—a 42 U.S.C. § 1983 claim for denial of access to the courts; Count 2—a § 1983 claim for retaliation; Count 3—a § 1983 claim for false arrest and excessive force; Count 4—a claim under Ohio law for violation of privacy rights; Count 5—a claim for municipal liability under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978); and Count 6—a § 1983 claim for deliberate indifference to medical needs. (*Id.*)[5] By way of relief, Petway seeks compensatory and punitive damages, declaratory and injunctive relief, and costs and attorneys' fees. (*Id.*) Magistrate Dailey seeks dismissal of all claims against him. (Doc. No. 14.)

## II.    STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the pleading. *Davis H. Elliot Co., Inc. v. Caribbean Util. Co., Ltd.*, 513 F.2d 1176, 1182 (6th Cir. 1975). Generally, all allegations of fact by the non-moving party are accepted as true and construed in the light most favorable to that party. *See Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998) (citation omitted). The Court, however, "need not accept as true legal conclusions or unwarranted factual inferences." *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999) (citation omitted).

---

[5] The Court notes that the complaint makes brief reference to certain exhibits. (Doc. No. 1, at 2–3.) But it does not appear that Petway filed any exhibits with her complaint and instead expects these exhibits "to be produced in discovery or trial[.]" (*Id.* at 3.)

The sufficiency of the pleading is tested against the notice pleading requirements of Fed. R. Civ. P. 8(a)(2), which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Although this standard is liberal, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). If the plaintiff has not "nudged [her] claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Twombly*, 550 U.S. at 570 (citation omitted).

Although pro se pleadings are construed liberally and held to less stringent standards than formal pleadings drafted by lawyers, *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (citation omitted), the lenient treatment generally accorded pro se plaintiffs "has limits" and pro se plaintiffs are "not automatically entitled to take every case to trial." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citation omitted).

## III. DISCUSSION

As a preliminary matter, Petway does not clearly and consistently identify which defendants are charged under each count. While she names some specific defendants under some counts, in others she merely refers to the defendants collectively. (*See e.g.,* Doc. No. 1, at 2 (alleging in Count 4 that "[d]efendants failed to redact [p]laintiff's confidential medical records[.]").) Accordingly, the Court must first determine which counts are brought against

Magistrate Dailey.

Reading the complaint in the light most favorable to her, Petway only makes two specific allegations against Magistrate Dailey: (1) that he refused to accept her motions and (2) that he called the Summit County Sherriff's Office to remove her. (Doc. No. 1, at 2.) On this reading, the only counts that conceivably apply to Magistrate Dailey are Count 1 for denial of access to the courts under § 1983, Count 2 for retaliation under § 1983, and Count 3 for false arrest and excessive force under § 1983. Petway makes no specific allegation that Magistrate Dailey did anything to violate Petway's state privacy rights (Count 4), or that he is a municipality capable of being held liable under *Monell* (Count 5), or that he acted with deliberate indifference to Petway's medical needs (Count 6). Accordingly, the Court presumes that Magistrate Dailey is only included in Counts 1, 2, and 3.

### A.  Counts 1, 2, and 3 Against Magistrate Dailey Are Barred by Judicial Immunity

Magistrate Dailey argues that the claims against him are barred by judicial immunity. (Doc. No. 14, at 5–8.) The Court agrees. Judicial officers are generally entitled to absolute immunity from civil suits for money damages. *Mireles v. Waco*, 502 U.S. 9, 9, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991) (collecting cases); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997) (collecting cases). And, while judicial immunity typically does not bar claims for injunctive relief, it does bar such relief in § 1983 cases. *Johnson v. Edgar*, No. 2:14-cv-256, 2015 WL 869320, at \*3 (W.D. Mich. Feb. 27, 2015) (citing, among authority, *Gilbert v. Ferry*, 401 F.3d 411, 413 n.1 (6th Cir. 2005) (applying judicial immunity to bar § 1983 claim for injunctive relief)). Judicial officers, including magistrates, *see Newsome v. Merz*, 17 F. App'x 343, 345 (6th Cir. 2001) (applying judicial immunity in case brought against magistrate judge), are accorded this broad protection to

5

ensure that the independent and impartial exercise of their judgment in a case is not impaired by the exposure to damages by dissatisfied litigants. *Barnes*, 105 F.3d at 1115.

A judge will not be deprived of immunity even if the action at issue was performed in error, done maliciously, or performed in excess of his or her authority. *Stump v. Sparkman*, 435 U.S. 349, 356, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978); *see Sevier v. Turner*, 742 F.2d 262, 271 (6th Cir. 1984) (merely acting in excess of authority does not preclude immunity). Rather, judicial immunity may be overcome only when (1) the conduct alleged is performed at a time when the defendant is not acting as a judge; or (2) the conduct alleged, although judicial in nature, is taken in complete absence of all subject matter jurisdiction of the court over which he or she presides. *Mireles*, 502 U.S. at 11–12 (citations omitted); *Barnes*, 105 F.3d at 1116 (citation omitted).

As discussed above, Petway only levels two specific allegations against Magistrate Dailey: (1) that he refused to personally accept hand-delivery of Petway's filings and (2) that he summoned the Summit County Sherriff's Office to remove Petway. (Doc. No. 1, at 2.) Petway fails to establish either that Magistrate Dailey was not acting as a judge when he allegedly took these actions or that Magistrate Dailey acted in the complete absence of subject matter jurisdiction.

i.  *Acting as Judge*

"Absolute judicial immunity attaches only to actions undertaken in a judicial capacity." *Barnes*, 105 F.3d at 1116 (citation omitted). To determine whether a particular act was undertaken in a judicial capacity, courts look to the "nature" and "function" of the act. *Mireles*, 502 U.S. at 13 (citation omitted). In particular, courts look to (1) "whether the act is a function normally performed by a judge" and (2) "whether the parties dealt with the judge in his judicial capacity." *Barnes*, 105 F.3d at 1116 (citation and quotation marks omitted). Because Petway was at the

6

courthouse to file motions in a case pending before the Summit County Court of Common Pleas, it is clear that she was dealing with Magistrate Dailey in his judicial capacity at all relevant times. *See Moses v. Gardner*, No. 14-2763, 2014 WL 5469763, at *5 (W.D. Tenn. Oct. 28, 2014) (holding plaintiff "was dealing with [judge] in [judge's] judicial capacity[]" where plaintiff was "before [judge] as a plaintiff in a civil action."); *cf. Mireles*, 502 U.S. at 12 ("[Plaintiff], who was called into the courtroom for purposes of a pending case, was dealing with [judge] in the judge's judicial capacity."). The only issue, therefore, is whether the acts Magistrate Dailey is alleged to have done are acts typically performed by a judge.

Petway first faults Magistrate Dailey for not accepting her motions. (Doc. No. 1, at 2.) But management of the court's docket, including the acts of accepting, rejecting, and docketing motions, is a function normally performed by a judge. *See Earick v. Kelly*, No. 21-cv-11538, 2023 WL 199264, at *2 (E.D. Mich. Jan. 17, 2023) ("But control of the docket is a 'paradigmatic judicial act[].'" (quoting *Kipen v. Lawson*, 57 F. App'x 691, 692 (6th Cir. 2003) (further citation omitted))); *cf. Hall v. Bush*, No. 1:20-cv-731, 2021 WL 4239855, at *22 (W.D. Mich. July 21, 2021) (collecting cases for proposition that "updating a docket and entering documents into the record" is protected by judicial immunity), *report and recommendation adopted*, 2021 WL 3750164 (W.D. Mich. Aug. 25, 2021). Magistrate Dailey was thus acting in a judicial capacity when he refused to accept Petway's motions.

Second, Petway faults Magistrate Dailey for going "into the back and summon[ing] the Summit County Sheriff's Office." (Doc. No. 1, at 2.) Using security officers to maintain order in the courthouse is a typical judicial function. *See Christian v. Rogers*, No. 3:99-cv-7031, 1999 WL 681560, at *2 (N.D. Ohio June 15, 1999). Indeed, "[j]udges have an obligation to maintain control

7

over the courthouse and over the conduct of persons in the courthouse; the issuance of an order removing persons from the courthouse in the interest of maintaining such control is an ordinary function performed by judges[.]" *Stevens v. Osuna*, 877 F.3d 1293, 1305 (11th Cir. 2017) (collecting cases). Magistrate Dailey was thus acting in a judicial capacity when he summoned officers.

### ii.  Subject Matter Jurisdiction

Both acts ascribed to Magistrate Dailey were done in a judicial capacity. Accordingly, he is entitled to judicial immunity unless he acted in the complete absence of jurisdiction. In this context, "the term 'jurisdiction' is to be broadly construed to effectuate the purposes of judicial immunity." *Brookings v. Clunk*, 389 F.3d 614, 623 (6th Cir. 2004) (citation omitted). It is not enough that a judicial officer acted in excess of their authority. *See Ward v. City of Norwalk*, 640 F. App'x 462, 466 (6th Cir. 2016) ("[The judge]'s failure to hold a hearing may have been in excess of jurisdiction, but was not in complete absence of it."). Rather, "a judge acts in the clear absence of all jurisdiction 'only when the matter upon which he acts is clearly outside the subject matter of the court over which he presides.'" *Brookings*, 389 F.3d at 623 (quoting *Johnson v. Turner*, 125 F.3d 324, 334 (6th Cir. 1997)).

Magistrate Dailey is a magistrate of the Summit County Court of Common Pleas. "In Ohio, Courts of Common Pleas have broad general jurisdiction over almost all types of civil cases and, further, have certain inherent powers related to the exercise of such jurisdiction." *Stern v. Mascio,* 262 F.3d 600, 607–08 (6th Cir. 2001) (citations omitted). Those inherent powers include the power to manage the docket, *State ex rel. Charvat v. Frye*, 868 N.E.2d 270, 274 (Ohio 2007) (citation omitted), and control the courthouse, *Zangerle v. Ct. of Common Pleas of Cuyahoga Cnty.*, 46

8

N.E.2d 865, 871 (Ohio 1943).

Here, Petway challenges Magistrate Dailey's conduct in managing motions in a civil case before the Court of Common Pleas and controlling Petway's presence in the courthouse. (Doc. No. 1, at 2.) While she may disagree with how Magistrate Dailey exercised his authority, Petway cannot reasonably argue that Magistrate Dailey's conduct was "clearly outside the subject matter" of the Summit County Court of Common Pleas. *Brookings*, 389 F.3d at 623 (citation omitted). Petway thus fails to show that Magistrate Dailey acted in the complete absence of jurisdiction. *See McGee v. Moon*, 685 F. Supp. 2d 737, 744 (N.D. Ohio 2010) (finding Ohio judge did not act in complete absence of jurisdiction where "he was acting within the parameters of the subject matter jurisdiction of the Court of Common Pleas[.]").

Counts 1, 2, and 3 as against Magistrate Dailey are barred by judicial immunity. And Petway fails to provide any apposite arguments to the contrary. Indeed, Petway's opposition fails to address judicial immunity entirely. (*See generally* Doc. No. 26.) Counts 1, 2, and 3 are **DISMISSED** as against Magistrate Dailey.

### B. Counts 4, 5, and 6, if Asserted Against Magistrate Dailey, Fail

As stated above, the Court presumes that Petway only asserts Counts 1, 2, and 3 against Magistrate Dailey. (*See supra*, at 5.) But, to the extent Petway attempts to assert Counts 4, 5, and 6 against Magistrate Dailey, they too fail to state a claim because they improperly group him with other defendants and fail to identify what specific conduct, if any, Magistrate Dailey is charged with under each count. *See DeNoma v. Kasich*, No. 16-3839, 2017 WL 6987677, at *3 (6th Cir. Oct. 16, 2017) ("[T]he dismissal of these claims was proper because each count failed to identify specific actions taken by specific defendants."); *see also Marcilis v. Twp. of Redford*, 693 F.3d

9

589, 596 (6th Cir. 2012) ("[W]e have found, in an unpublished opinion, that a complaint failed where a plaintiff 'did not allege that particular defendants performed the acts that resulted in a deprivation of [plaintiff's] constitutional rights.'" (quoting *Kesterson v. Moritsugu*, 149 F.3d 1183, No. 96–5898, 1998 WL 321008, at \*4 (6th Cir. June 3, 1998) (unpublished table decision) (second alteration in original))); *Dobronski v. Tobias & Assocs.*, Inc., No. 23-cv-10331, 2024 WL 1174553, at \*2 (E.D. Mich. Mar. 18, 2024) ("A pleading may not provide adequate notice of the claims against a defendant when the complaint 'lump[s] all the defendants together in each claim and provid[es] no factual basis to distinguish their conduct.'" (quoting *Atuahene v. City of Hartford*, 10 Fed. App'x. 33, 34 (2d Cir. 2001) (alterations in original))). Thus, to the extent Petway asserts them, Counts 4, 5, and 6 are **DISMISSED** as against Magistrate Dailey.

### C. Petway's Opposition Fails to Save Her Claims Against Magistrate Dailey

Petway first argues that "[d]efendants['] rel[iance] on *Heck v. Humphrey*, 512 U.S. 477[,] [114 S. Ct. 2364, 129 L. Ed. 2d 383] (1994), which bars a § 1983 claim only where success on that claim would necessarily imply the invalidity of an existing conviction[,]" is misplaced. (Doc. No. 26, at 3 (italics added).) But Magistrate Dailey does not rely on *Heck v. Humphrey* or its progeny anywhere in his motion to dismiss. (*See generally* Doc. No. 14.) Indeed, the motion to dismiss is based almost entirely on immunity—not *Heck*.

The Court notes that, perhaps, Petway is responding to defendant Summit County, Ohio's answer, which asserts as a defense that Petway's false arrest claim is barred by *Walker v. Schaeffer*, 854 F. 2d 138 (6th Cir. 1998) and *Heck v. Humphrey*. (Doc. No. 20 (Answer of Summit County, Ohio) ¶ 36.) But that issue is not now before the Court because it is not raised as a ground for dismissing the claims against Magistrate Dailey. Thus, the Court does not address Petway's

10

argument under *Heck* other than to state that *Heck* does not save Petway's claims against Magistrate Dailey from dismissal.

Petway next generally argues that she has plausibly alleged a denial of access to the courts (Count 1) and excessive force (Count 3). (Doc. No. 26, at 6–7.) These arguments do not change the Court's earlier conclusion that both counts as against Magistrate Dailey are barred by judicial immunity. (*See supra*, at 9.) The possibility that one may have pleaded an otherwise plausible claim means nothing if the defendant is entitled to judicial immunity for the alleged conduct. *See King v. McCarthy*, No. 3:21-cv-224, 2022 WL 22232120, at *1 (D.N.D. Feb. 17, 2022) ("To the extent he asserts any claim against [judge] that might otherwise be plausible, [plaintiff]'s claim should be dismissed under the doctrine of judicial immunity."), *report and recommendation adopted*, 2022 WL 22232125 (D.N.D. Mar. 21, 2022); *Amato v. McGinty*, No. 1:17-cv-1280, 2018 WL 5266872, at *2 (N.D.N.Y. Oct. 23, 2018) (similar); *Moraga v. Fonseca*, No. 3:21-cv-55, 2021 WL 12300389, at *3 (D. Nev. Sept. 1, 2021) (similar).

Finally, Petway argues that she plausibly alleges a denial of medical care (Count 6). (Doc. No. 26, at 7–8.) But this Court already held that Count 6 fails as against Magistrate Dailey because it fails to identify what specific conduct Magistrate Dailey is charged with. (*See supra*, at 9–10.) The Court thus rejects Petway's remaining arguments against dismissal of the claims against Magistrate Dailey.

11

## IV.    CONCLUSION

Plaintiff Devon Petway's claims against defendant Michael Dailey are either barred by judicial immunity or otherwise insufficiently pleaded. Accordingly, defendant Michael Dailey's motion to dismiss (Doc. No. 14) is **GRANTED,** and all claims as against defendant Michael Dailey are **DISMISSED**.

   **IT IS SO ORDERED**.

Dated: May 18, 2026

_____
   **HONORABLE SARA LIOI**
   **CHIEF JUDGE**
   **UNITED STATES DISTRICT COURT**

12