**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DEVON PETWAY, | ) | CASE NO. 5:25-cv-2002 |
| Plaintiff, | ) | CHIEF JUDGE SARA LIOI |
| vs. | ) | **MEMORANDUM OPINION AND ORDER** |
| MICHAEL DAILEY, *et al.*, | ) | |
| Defendants. | ) | |

This case was filed on September 19, 2025, against three defendants: Magistrate Michael Dailey ("Magistrate Dailey"),[1] Deputy S.W. Mason ("Deputy Mason"), and Summit County, Ohio ("Summit County"). (Doc. No. 1 (Complaint).) The deadline for adding parties and amending pleadings was May 25, 2026, and the deadline for non-expert (fact) discovery was September 25, 2026. (Doc. No. 24 (Case Management Plan and Trial Order).) On May 18, 2026, the Court dismissed all claims against Magistrate Dailey (Doc. No. 30 (Memorandum Opinion and Order)), and on September 29, 2026, the Court dismissed all claims against Summit County (Doc. No. 38 (Memorandum Opinion and Order)).

In that last decision, the Court issued an order directing *pro se* plaintiff Devon Petway ("Petway") to show cause why this action should not be dismissed for failure to effectuate service on the only remaining defendant, Deputy Mason. (*Id.* at 10.[2]) On October 13, 2026, Petway filed

[1] As explained in its prior opinions, the Court takes judicial notice that Michael Dailey is a magistrate of the Summit County Court of Common Pleas. (Doc. No. 30, at 2 n.3; Doc. No. 38, at 2 n.2.)

[2] All page number references are to the consecutive page numbers applied to each individual document by the Court's electronic filing system.

a response and supplemental response making several untimely motions under the Federal Rules of Civil Procedure. (Doc. Nos. 40 and 39, respectively.) Among other things, Petway moves to extend the now-expired deadlines to add parties and amend pleadings under Rule 16(b)(4) and to serve Deputy Mason under Rule 4(m).

For the reasons stated below, these and Petway's other motions in her response and supplemental response, as well as her motion for leave to file an amended complaint (Doc. No. 44), are **DENIED**. All claims against Deputy Mason are **DISMISSED** without prejudice.

## I. BACKGROUND

On September 19, 2025, Petway brought this action alleging various claims under 42 U.S.C. § 1983 and Ohio privacy law related to her arrest at a state courthouse on September 11, 2025. (Doc. No. 1.) Her complaint named Deputy Mason, Magistrate Dailey, and Summit County as defendants. (*Id.* at 1.) Petway also moved to proceed *in forma pauperis* and provided summonses and related forms allowing the U.S. Marshals Service ("USMS") to serve the defendants. For Deputy Mason, Petway listed the address of the Summit County Sheriff's Office. (Doc. No. 1, at 1; Doc. No. 3, at 5; Doc. No. 3-1, at 1.)

On December 23, 2025, Petway's *in forma pauperis* motion was granted (Doc. No. 4), and on January 27, 2026, the USMS reported having executed service on all three defendants (Doc. Nos. 7–9). But the following day (January 28, 2026), the USMS issued another report indicating that service on Deputy Mason had been "unexecuted," that the package had been rerouted to a different address, and that its contents were returned to the Clerk's Office. (01/28/2026 Notice; Doc. No. 10.) The Clerk's Office mailed copies of these notices to Petway on February 23, 2026. (02/23/2026 Notice.) Petway never reattempted service on Deputy Mason.

Meanwhile, the case proceeded against the other defendants. Attorneys for Magistrate Dailey and Summit County entered appearances (Doc. No. 12), participated with Petway in the Rule 26(f) parties' planning meeting, and presented the results of the meeting to the Court in a joint report. (Doc. No. 22.) The Court scheduled a telephone case management conference for 1:00 p.m. on March 24, 2026. (Doc. No. 18.) Petway failed to join the conference call at the scheduled time "despite multiple attempts by chambers to contact her." (Minutes of proceedings [non-document], 03/24/2026.) As a result, the conference could not take place. (*Id.*) Petway eventually called at 1:26 p.m., represented that she had not received the case management scheduling order, and requested that any further documents be sent to her over both email and regular mail. (03/24/2026, Staff Note.)

The Court issued a case management plan and trial order (Doc. No. 24), in which it assigned the case to the standard track, thus requiring the case to be completed within 15 months or less after filing. (Local R. 16.2(a)((2)(b).) The Court also set the deadline to add parties and amend pleadings for May 25, 2026, and the deadline to complete non-expert (fact) discovery for September 25, 2026. (Doc. No. 24 at 1.) The Court issued a separate order reminding Petway that she was required to participate in the case management conference, that her *pro se* status did not "relieve her of the responsibility to follow the Court's rules," and cautioned her that "any future failures to participate in court proceedings, or other case related matters, such as discovery, may result in sanctions, up to and including dismissal of the case." (*Id.* at 1–2.) The Clerk's Office emailed and mailed both orders to Petway. (03/24/2026 Notice.)

On April 17, 2026, the Court denied Petway's request for a PACER fee exemption, finding that she failed to show that existing avenues for accessing documents were unreasonably burdensome. (Doc. No. 27 (Order), at 2–3.) The Court explained that all court documents had been

mailed to the address she provided in her complaint, that any court documents issued since March 24, 2026, had been emailed to her as well, and that the entire docket was available to her at any federal courthouse in the district, including a courthouse in the city where she lived. (*Id.*)

Over the next several months, Petway never sought to add any parties or amend her complaint. The parties' joint status reports of May 8, 2026, and June 26, 2026, were submitted by Petway, Magistrate Dailey, and Summit County, without any mention of Deputy Mason. (Doc. Nos. 29, 31.) Both reports indicated that the parties had not exchanged any formal written discovery. (*Id.*) On May 18, 2026, the Court dismissed all claims against Magistrate Dailey as either barred by judicial immunity or insufficiently pled. (Doc. No. 30.) On August 5, 2026, Summit County filed a motion for judgment on the pleadings. (Doc. No. 33.) The next day (August 6, 2026), Summit County submitted its own status report, wherein it advised that Petway had asserted that she had requested "a discovery" but that Summit County had not received any formal request. (Doc. No. 34, at 1.)

On September 10, 2026, 15 days before the close of fact discovery, Petway untimely served her first set of interrogatories and requests for document production on Summit County (Doc. No. 36, at 3.)[3] Petway addressed these requests to one defendant only—Summit County. (*Id.*) Among other things, her interrogatories listed the names of eight individuals from whom Petway requested certain biographical information and communications. (*Id.* at 2.) Petway did not include Deputy Mason in that list. (*Id.*) Four days later (September 14, 2026), Petway filed an "expedited" motion to extend by 60 days the deadline for completing fact discovery. (Doc. No. 35.) She suggested that

[3] Petway's September 10, 2026 requests were untimely because parties must serve discovery requests at least 30 days prior to a court's deadline for completion of discovery. *See Sullivan v. Fam. Dollar Stores, Inc.*, No. 3:19-cv-00846-DJH, 2021 WL 6882418, at *2 (W.D. Ky. Oct. 7, 2021) (interpreting Rules 33(b)(2), 34(b)(2)(a), and 36(a)(3) and collecting cases).

she had misunderstood the requirements of discovery and argued that she had acted diligently under the circumstances. (*Id.* at 1–2.) Summit County opposed the motion, arguing that misunderstanding the Federal Rules did not constitute diligence and noted that Petway had "approximately six months to conduct discovery and did not serve any requests until shortly before the deadline." (Doc. No. 37, at 3.) The record shows that Petway had previously made the single-sentence request for "a discovery" in an email to Summit County's attorney on June 23, 2026. (Doc. No. 40-2, at 2.)

On September 29, 2026, the Court granted Summit County's motion for judgment on the pleadings and dismissed all claims against Summit County as insufficiently pled (Doc. No. 38, at 5–10) and directed Petway to show cause why this action should not be dismissed as to Deputy Mason for failure to perfect timely service in accordance with Rule 4(m). (*Id.* at 10.)

On October 13, 2026, Petway filed a response and supplemental response. In her response, Petway asks the Court to find good cause to extend the time to serve Deputy Mason under Rule 4(m) and reissue service of process. (Doc. No. 40, at 1–5.) Petway's supplemental response, however, provides correspondence between herself and Summit County officials on October 12 and 13, 2026. One official told Petway that a "Deputy SW Mason" was not employed with the Summit County Sheriff's Office. (Doc. No. 39-2 (Email), at 2.) Another told Petway that no "Deputy Mason" was or had been employed with the Summit County Sheriff's Office. (*Id.* at 5.)

Based on this information, Petway now moves to extend the already expired deadline to add parties and amend pleadings under Rule 16(b)(4) so that she may add other individual defendants. (Doc. No. 39, at 6.) She also includes a panoply of other requests, including leave to amend her complaint under Rule 15(a)(2) (*id.* at 5–6); a reopening of discovery and issuance of a Rule 45 subpoena (*id.*); further court-directed service assistance under Rule 4(c)(3), Rule 4(m),

and 28 U.S.C. § 1915(d) (*id.* 8–9); reconsideration of the Court's dismissal of Summit County under Rule 54(b) to allow additional discovery to identify individual defendants and support related allegations (*id.* at 10); and reconsideration of the Court's rulings on filing access and remote participation (Doc. No. 40, at 9–10).

Summit County filed an opposition to Petway's motions to amend her complaint and reconsider its dismissal. (Doc. No. 43.) Petway subsequently filed a motion to file an amended complaint (Doc. No. 44) and sought leave to file a reply. (Doc. No. 45.) The Court **GRANTS** Petway's motion to file a reply and considers her proposed reply (Doc. No. 45-1) in this decision.

## II. LAW AND DISCUSSION

### A. Motion Under Rule 16(b)(4)

The Court begins with Petway's motion to extend the deadline to add parties and amend her pleadings. Under Rule 16(b)(4), a pretrial scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Once the deadline for amending pleadings established by the court's scheduling order has passed, "a plaintiff first must show good cause under Rule 16(b) for failure earlier to seek leave to amend before a court will consider whether amendment is proper under Rule 15(a)." *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003). "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Helena Agri-Enters., LLC v. Great Lakes Grain, LLC*, 988 F.3d 260, 272 (6th Cir. 2021) (quoting *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002)). Parties without an attorney are not excused from this requirement. Like any party, *pro se* litigants are "required to follow the rules of civil procedure and easily-understood court deadlines[.]" *Solomon v. Mich. State Police*, No. 1:08-cv-858, 2010 WL 3475730, at *1 (W.D. Mich. Sept. 2, 2010) (citations omitted); *see Bigi v. Brown*, No. 3:14-cv-

282, 2014 WL 7228808, at *1 (S.D. Ohio Dec. 16, 2014) ("[A] *pro se* litigant is nevertheless bound by court deadlines." (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991))).

Here, Petway has not shown due diligence in meeting the Court's deadline for adding parties and amending pleadings. Although she seeks to add other individual defendants to this suit, Petway had the opportunity to identify these defendants and amend her complaint long before this point. After discovery began with the exchange of initial disclosures in March 2026 (Doc. No. 18, at 4), Petway had two months to request discovery from Magistrate Dailey and Summit County before the May 25, 2026 amendment deadline, and six months to request discovery before the end of non-expert (fact) discovery on September 25, 2026.

But during all that time, Petway only perfunctorily participated in discovery. She sent a cryptic, vague, and conclusory request for "a discovery" in June 2026 (Doc. No. 40-2, at 2), then waited until September 10, 2026—15 days before the end of fact discovery—to serve her first set of interrogatories and request for documents (Doc. No. 36), which was itself untimely under Rules 33(b)(2) and 34(b)(2). *See Sullivan*, 2021 WL 6882418, at *2. That falls far below any definition of due diligence. To be sure, the Court recognizes Petway's *pro se* status and the personal circumstances she has asserted. (*See* Doc. No. 40, at 10 (listing a "family emergency, housing demands, [and] functional disability limitations").) But those circumstances do not excuse Petway for allowing six months to pass without meaningfully participating in discovery.

Petway's recent efforts to investigate other potential defendants do not move the needle either. Due diligence is about "meet[ing] the case management order's requirements." *Helena Agri-Enters.*, 988 F.3d at 272. Although Petway has recently sought information about these individuals from Summit County officials and other sources (*see, e.g.*, Doc. No. 39, at 2–3; Doc. No. 45-1, at 8), those efforts do not show diligence in how she attempted to meet the Court's long-

expired deadline for adding parties and amending pleadings. In accordance with the deadlines set in the case management plan set by the Court, Petway should have sought this information many months ago, by engaging in discovery and her own research. Petway and Summit County's attorneys began conferring as early as March 2026. (*See* Doc. No. 22.) The Court sees no evidence that Petway was prevented from engaging in discovery from that point forward. Very simply, litigants, in this instance, Petway, may not wait until the discovery period closes or is ending to decide to engage in discovery.

Petway further claims that she never received notice that service on Deputy Mason had been unexecuted and that this notice conflicts with an earlier notice saying that service had been executed. (Doc. No. 40, at 1, 4.) Yet, once again, the docket clearly provides otherwise, and in any event, it is all beside the point. Whether or not Petway knew or should have known that Deputy Mason had not been served did not relieve her of the obligation to participate in discovery and to add parties and amend her complaint by the Court's deadline. Even so, Petway should have known that there was a problem with her case against Deputy Mason many months ago. No attorney for Deputy Mason ever entered an appearance. Three joint reports submitted by the parties, filed between late March and late June 2026, do not list Deputy Mason as a participating defendant. (Doc. Nos. 22, 29, 31.) Indeed, the record suggests that Petway already realized that Deputy Mason was improperly named before now because his name does not appear among those individuals listed in her September 10, 2026 interrogatories. (*See* Doc. No. 36.)

The Court previously explained to Petway the importance of abiding by the Court's rules. Over seven months ago, when Petway failed to participate in the case management conference, the Court cautioned her that "any future failures to participate in court proceedings, or other case related matters, such as discovery, may result in sanctions, up to and including dismissal of the

case." (Doc. No. 23, at 1–2 (citing Fed. R. Civ. P. 41(b)).) Petway has not shown due diligence in abiding by the Court's deadline to add parties and amend pleadings. As a result, her motion to extend that deadline is denied.

**B. Motion Under Rule 4(m)**

Petway's request to reissue service of process on Deputy Mason is also denied. Rule 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). "But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.*

When considering whether to grant an extension of time to serve a party for good cause, a court considers seven factors:

> (1) whether an extension of time would be well beyond the timely service of process; (2) whether an extension of time would prejudice the defendant other than the inherent prejudice in having to defend the suit; (3) whether the defendant had actual notice of the lawsuit; (4) whether the court's refusal to extend time for service substantially prejudices the plaintiff, i.e., would the plaintiff's lawsuit be time-barred; (5) whether the plaintiff had made any good faith efforts to effect proper service of process or was diligent in correcting any deficiencies; (6) whether the plaintiff is a pro se litigant deserving of additional latitude to correct defects in service of process; [and] (7) whether any equitable factors exist that might be relevant to the unique circumstances of the case.

*United States v. Oakland Physicians Med. Ctr., LLC*, 44 F.4th 565, 569 (6th Cir. 2022). Even absent a finding of good cause, a court still has the discretion to grant an extension for service. *Id.* at 568.

Here, Petway has not shown good cause for an extension. The 90-day deadline for service expired long ago, over nine months have passed since USMS attempted service, and Petway has

failed to engage in timely discovery related to the person she identified in her complaint as Deputy Mason. As such, Petway has not made good faith efforts to properly serve this defendant. Nor has she shown due diligence in correcting what appears to be a misnomer for this person. (*See* Doc. No. 39-2, at 2, 5.) Even now, Petway asks that the USMS reattempt service using the same name and address she previously provided (Doc. No. 41 (Praecipe)), which would be nothing more than an act of futility. Moreover, denying Petway an extension and dismissing this suit would not substantially prejudice her because she still has time to refile her claims against the individual she has identified as Deputy Mason, as well as other individual defendants. *See Coleman v. Hamilton Cnty. Bd. of Cnty. Comm'rs*, 130 F.4th 593, 601 (6th Cir. 2025) ("Ohio's two-year statute of limitations for personal-injury suits applies" to claims under § 1983) (citing *Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989) (en banc)). All these factors weigh heavily against any latitude granted to Petway due to her *pro se* status. In the end, the Court declines to extend Petway additional time to serve Deputy Mason.

### C. Miscellaneous Motions

Because Petway can no longer add parties, amend her complaint, or reattempt service on Deputy Mason (if he even exists), the remainder of her untimely requests are denied as moot. This includes her requests to amend her complaint under Rule 15(a)(2) (Doc. No. 39, at 5–6; Doc. No. 44); to reopen discovery and issue a Rule 45 subpoena (*id.*); for further court-directed service assistance under Rule 4(c)(3), Rule 4(m), and 28 U.S.C. § 1915(d) (*id.* 8–9); to reconsider the Court's dismissal of Summit County under Rule 54(b) to allow additional discovery to identify individual defendants and support related allegations (*id.* at 10); and to reconsider the Court's ruling on filing access and remote participation. (Doc. No. 40, at 9–10.)

As a final note, the Court rejects Petway's insinuations that she has not been treated fairly during this case. In her response, Petway "questions whether bias concerning her transgender identity or disabilities has influenced" how her "participation requests, access to filings, and service problem" were handled and asks the Court to "consider [her] concerns under the obligation of impartial adjudication, including 28 U.S.C. § 455(a)." (Doc. No. 40, at 7, 9.) Petway provides no evidence to justify these innuendos. The Court sees none in the record. Furthermore, the Court has addressed the issues in this case as it would in any other lawsuit. It has taken great pains to provide detailed decisions that carefully applied the law to the facts. (*See* Doc. Nos. 27, 30, 38.) This decision is no exception.

## III. CONCLUSION

For the reasons stated above, Petway's motions in her response and supplemental response to the Court's order to show cause (Doc. Nos. 40, 39), as well as her motion for leave to amend (Doc. No. 44), are **DENIED**. All claims against Deputy Mason are **DISMISSED** without prejudice. This case is **CLOSED**. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be made in good faith.

**IT IS SO ORDERED**.

Dated: November 9, 2026

**HONORABLE SARA LIOI**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**