**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DEVON PETWAY,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL DAILEY, *et al.*,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO. 5:25-cv-2002<br><br>CHIEF JUDGE SARA LIOI<br><br>**MEMORANDUM OPINION AND ORDER** |

On November 9, 2026, the Court dismissed without prejudice the only remaining defendant in this action, Deputy S. W. Mason ("Deputy Mason"), and entered a final judgment closing the case. (Doc. No. 46 (Memorandum Opinion and Order); Doc. No. 47 (Judgment).) The Court denied *pro se* plaintiff Devon Petway's ("Petway") untimely motion for an extension of time to serve Deputy Mason, which she filed over eight months after the U.S. Marshals Service ("USMS") had attempted service. (Doc. No. 46, at 2, 9–10.)[1] The Court also denied Petway's untimely motion to extend the deadline to add parties and amend pleadings, which she filed over four months after that deadline had expired. (*Id.* at 6–9.) The Court certified that, pursuant to 28 U.S.C. § 1915(a)(3), an appeal could not be taken in good faith. (Doc. No. 46, at 12; Doc. No. 47.)

On November 10, 2026, Petway filed a notice of appeal with the United States Court of Appeals for the Sixth Circuit (Doc. No. 48) She also filed a motion asking this Court to alter or amend its judgment under Fed. R. Civ. P. 59(e) and withdraw its § 1915(a)(3) certification. (Doc.

[1] All page number references herein are to the consecutive page numbers applied to each individual document by the Court's electronic filing system.

No. 49.) Defendant Summit County, Ohio ("Summit County") opposes the motion. (Doc. No. 50.) For the reasons stated below, Petway's motion is **DENIED**.

## I. BACKGROUND

### A. Factual Background

The following facts are largely taken from Petway's complaint and body-worn camera footage submitted by defendant Magistrate Michael Dailey ("Magistrate Dailey").[2] (Doc. No. 1 (Complaint); Doc. No. 16 (Manual Filing).) On September 11, 2025, at approximately 11:43 a.m., Petway was in the seating area located in the chambers of Judge Alison Breaux of the Summit County Court of Common Pleas. (Doc. No. 1; *see* Doc. No. 16.) Although Petway's complaint described this as "outside" Judge Breaux's chambers (Doc. No. 1, at 2), a Sheriff Deputy explained that the area in which Petway was seated was considered part of Judge Breaux's chambers (Doc. No. 16 (timestamps 18:05 to 18:10), and the glass entrance to the area indicated that it was the chambers of Judge Alison Breaux. (*Id.* (timestamp 17:38).) Petway alleges that she was drafting motions to challenge certain procedural violations that she believed had occurred in a case she had pending before Judge Breaux. (Doc. No. 1, at 2.) These violations included the court's alleged failure to redact her protected medical information which she or her counsel had filed on the public docket. (*Id.*; *see* Doc. No. 38 (Memorandum Opinion and Order), at 9.)

Petway, who at the time was represented by counsel,[3] then "attempted to present [her] motions" to Magistrate Dailey. (Doc. No. 1, at 2.) Magistrate Dailey "refused to accept" personal

---

[2] As explained in its prior opinions, the Court takes judicial notice that Michael Dailey is a magistrate of the Summit County Court of Common Pleas. (Doc. No. 30, at 2 n.3; Doc. No. 38, at 2 n.2.)

[3] Petway asserted in the video that she had fired or tried to fire her attorney. (Doc. No. 16 (timestamps 1:00, 2:00).) Petway's attorney had filed a motion to withdraw that day, but it would not be granted until September 19, 2026. *See* Search By Civil Case No., *Summit County Clerk of Courts*, https://clerk.summitoh.net/PublicSite/SearchByCaseNbrCivil.aspx (Case No. CV-2024-08-3524) (last visited November 18, 2026).

hand-delivery of the motions and told Petway that "all matters, including mediation and the status of [her] confidential medical records, would not be addressed until September 22, 2025." (*Id.*) Petway found that timeline "insufficient" and sought to file "an emergency motion to be heard immediately." (*Id.*) Again, Magistrate Dailey did not accept personal hand-delivery of Petway's motion and, instead, summoned officers from the Summit County Sherriff's Office. (*Id.*)

Body-worn camera footage shows that deputies did not immediately arrest Petway after arriving in chambers. Over a period of at least 15 minutes, deputies listened to Petway's concerns and suggested avenues for addressing those concerns, such as filing her motions at the clerk's office. (*See* Doc. No. 16 (timestamps 0:00 to 15:10).) Only after that point did the deputies step out of Judge Breaux's chambers into the hallway and speak with a sergeant. (*Id.* (timestamp 16:31).) That sergeant then entered the judge's chambers and spoke to Petway, informing her that she was in an area considered part of chambers, that she could no longer stay there, that she could sit just outside chambers in the hallway, and that, if she did not leave chambers, he would "criminally trespass" her, take her to jail, and likely charge her with "obstruction." (*See id.* (timestamp 18:55).) Petway did not comply. The sergeant warned her again, Petway did not respond or comply, and the deputies proceeded to arrest her. (*Id.* (timestamp 19:40).) At one point as she was being escorted, Petway fell into a seated position on the floor and seemed to refuse to stand up. (*Id.* (timestamp 21:55).) The officers proceeded to drag her into what appeared to be a restricted area and began processing her. (*Id.* (timestamps 21:17 to 25:19).) Petway alleged that she was charged "based on false allegations of disturbance." (Doc. No. 1, at 2.)

The body-worn camera footage ends five minutes after Petway's arrest. In her complaint, Petway alleged that she was "shackled" and then "held for hours[.]" (*Id.*) During this time, Petway requested medical attention for injuries sustained during the arrest. (*Id.*) She alleged that "[o]nly

after a prolonged delay was [Petway] taken to the hospital" and that she "sustained visible bruising on her body as a result of" the arrest. (*Id.*)[4] Petway also alleged that her "confidential medical records remain[ed] posted publicly on the docket without redaction." (*Id.*) Petway claimed that, despite Petway's "multiple motions requesting redaction," the Summit County Court of Common Pleas had "failed to take corrective action." (*Id.*) She alleged that this violated "privacy protections recognized under the Ohio Revised Code, including provisions prohibiting the disclosure of protected medical information." (*Id.*)

**B. Procedural History**

On September 19, 2025, Petway brought this action against Deputy Mason, Summit County, and Magistrate Dailey alleging various claims under 42 U.S.C. § 1983 and Ohio privacy law. (Doc. No. 1 (Complaint), at 1.) Because Petway proceeded *in forma pauperis* (*see* Doc. No. 4), the USMS attempted to serve the defendants on Petway's behalf using paperwork she provided. On January 27, 2026, the USMS reported executing service on all three defendants (Doc. Nos. 7–9), but the following day, reported that service on Deputy Mason had been "unexecuted." (01/28/2026 Notice; Doc. No. 10.) The Clerk's Office mailed copies of these notices to Petway. (02/23/2026 Notice.) Petway never reattempted service on Deputy Mason.

On March 24, 2026, Petway failed to join the Court's case management conference ("CMC") at the scheduled time (Minutes of proceedings [non-document], 3/24/2026), despite "multiple attempts by [the Court] to contact her via phone." (Doc. No. 23 (Order), at 1.) The Court issued an order reminding Petway that she was required to participate in the CMC and that her *pro se* status did not "relieve her of the responsibility to follow the Court's rules." (*Id.*) The Court

[4] As the Court previously noted (Doc. No. 30, at 3 n.5), although the complaint refers to several exhibits, it does not appear Petway filed any with her complaint. That includes purported photographs of her injuries. (Doc. No. 1, at 2.)

cautioned Petway that "any future failures to participate in court proceedings, or other case related matters, such as discovery, may result in sanctions, up to and including dismissal of the case." (*Id.* at 1–2.) The Court proceeded to issue a case management plan and trial order (Doc. No. 24), in which it assigned the case to the standard track, thus requiring the case to be completed within 15 months or less after filing. (Local R. 16.2(a)((2)(b).) The Court set the deadline to add parties and amend pleadings for May 25, 2026, and the deadline to complete non-expert (fact) discovery for September 25, 2026. (Doc. No. 24, at 1.)

Over the next several months, Petway did not seek to add any parties or amend her complaint. The parties' joint status reports of May 8, 2026, and June 26, 2026, indicated that the parties had not exchanged any formal written discovery. (Doc. Nos. 29, 31.) On August 6, 2026, Summit County submitted its own status report, wherein it advised that Petway had asserted that she had requested "a discovery" but that Summit County had not received any formal request. (Doc. No. 34, at 1.) The record shows that Petway made the single-sentence request for "a discovery" in an email to Summit County's attorney on June 23, 2026. (Doc. No. 40-2, at 2.) The Court also dismissed all claims against Magistrate Dailey on May 18, 2026, as either barred by judicial immunity or insufficiently pled. (Doc. No. 30 (Memorandum Opinion and Order).)

On September 10, 2026, 15 days before the close of fact discovery, and nearly one year after she filed her complaint, Petway served her first set of interrogatories and requests for document production on Summit County. (Doc. No. 36, at 3.) The discovery requests were untimely.[5] On September 14, 2026, Petway filed an "expedited" motion to extend the deadline for

[5] Petway's September 10, 2026 requests were untimely because parties must serve discovery requests at least 30 days prior to a court's deadline for completion of discovery. *See Sullivan v. Fam. Dollar Stores, Inc.*, No. 3:19-cv-00846-DJH, 2021 WL 6882418, at *2 (W.D. Ky. Oct. 7, 2021) (interpreting Rules 33(b)(2), 34(b)(2)(a), and 36(a)(3) and collecting cases).

completing fact discovery, in which she suggested that she had misunderstood the requirements of discovery and argued that she had acted diligently under the circumstances. (Doc. No. 35, at 1–2.) Summit County opposed the motion, arguing that misunderstanding the Federal Rules did not constitute diligence and noting that Petway had "approximately six months to conduct discovery and did not serve any requests until shortly before the deadline." (Doc. No. 37, at 3.)

On September 29, 2026, the Court dismissed all claims against Summit County as insufficiently pled and directed Petway to show cause why the case against Deputy Mason should not be dismissed for failure to timely perfect service in accordance with Rule 4(m). (Doc. No. 38, at 5–10.) On October 13, 2026, Petway filed a response and supplemental response. Her response asked the Court to find good cause to extend the time to serve Deputy Mason under Rule 4(m) and reissue service of process. (Doc. No. 40, at 1–5.) Petway's supplemental response, however, provided recent emails indicating that "Deputy S.W. Mason" was a misnomer. (Doc. No. 39-2 (Emails), at 2, 5.) Among other things, Petway moved to extend the expired deadline to add parties and amend pleadings under Rule 16(b)(4) so that she could add other individual defendants and amend her complaint. (Doc. No. 39, at 6–10.) She also filed a proposed amended complaint and reply. (Doc. Nos. 44, 45.)

On November 9, 2026, the Court denied Petway's motions under Rules 16(b)(4) and 4(m). (Doc. No. 46.) The Court found that Petway had failed to show due diligence in attempting to meet the deadline for adding parties and amending pleadings, concluding that Petway had "only perfunctorily participated" in discovery and that her recent efforts to investigate other defendants came too late. (*Id.* at 6–8.) The Court also found that Petway had not shown good cause for extension of time to serve Deputy Mason and declined to grant one. (*Id.* at 9–10.) The Court denied Petway's other requests as moot, dismissed all claims against Deputy Mason without prejudice,

and closed the case. (*Id.* at 10–11.) The Court also certified, pursuant to § 1915(a)(3), that an appeal from the decision could not be made in good faith. (*Id.* at 12.)

## II. STANDARD OF REVIEW

A motion to alter or amend a judgment under Rule 59(e) "is extraordinary and is seldom granted because it contradicts notions of finality and repose." *Mitchell v. Citizens Bank*, No. 3:10-cv-569, 2011 WL 247421, at *1 (M.D. Tenn. Jan. 26, 2011) (citation omitted). A court may grant a motion to alter or amend a judgment only if there was "[1] a clear error of law; [2] newly discovered evidence; [3] an intervening change in controlling law; or [4] to prevent manifest injustice." *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) (citations omitted). The "purpose of Rule 59(e) is to allow the district court to correct its own errors, sparing the parties and appellate courts the burden of unnecessary appellate proceedings." *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) (quotation marks and citations omitted). It "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Brumley v. United Parcel Serv., Inc.*, 909 F.3d 834, 841 (6th Cir. 2018) (quotation marks and citation omitted).

## III. DISCUSSION

None of Petway's arguments justify relief under Rule 59(e). Petway's motion largely attempts to relitigate the Court's decision denying her woefully untimely requests for extensions of time under Rule 16(b)(4) and Rule 4(m). She tries to bolster her prior claims of due diligence by highlighting different emails she sent during the case—some previously filed, some not—and disputing parts of the record related to her prosecution of the case (Doc. No. 49, at 2–6). Petway already has or could have offered these explanations and pieces of evidence before the Court

entered judgment. A Rule 59(e) motion is not the proper place for them. *See Brumley*, 909 F.3d at 841–42.

But even on the merits, Petway's motion falls short. Petway's stated grounds for relief under Rule 59(e) are to correct a "clear error" of law and prevent "manifest injustice[.]" (Doc. No. 49, at 1–6.)[6] But Petway never explains how the Court's prior rulings contained any clear errors of law or would result in manifest injustice. (*See generally id.*) Even so, the Court has reviewed Petway's arguments and none justify disturbing its prior rulings.[7] Petway failed to show good cause to extend the Court's deadline to add parties and amend pleadings because she had not exercised due diligence in meeting that deadline, having failed to meaningfully participate in discovery during the six months afforded by the case management schedule. (Doc. No. 46, at 6–9.) For that and other reasons, Petway also failed to show good cause for an extension of time to serve Deputy Mason. (*Id.* at 9–10.) Additionally, as previously noted (*id.* at 10), Petway still has time to refile her § 1983 claims against the individual she has identified as Deputy Mason, as well as other individual defendants. *See Coleman v. Hamilton Cnty. Bd. of Cnty. Comm'rs*, 130 F.4th 593, 601 (6th Cir. 2025) ("Ohio's two-year statute of limitations for personal-injury suits applies" to claims under § 1983 (citation omitted)).

---

[6] Petway concedes that the emails she now provides were available before judgment (Doc. No. 49, at 2.) As a result, they do not qualify as newly discovered evidence. *See Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 614, 617 (6th Cir. 2010) (newly discovered evidence must have been "previously unavailable").

[7] For example, Petway provides for the first time an email that she sent to Summit County's attorneys shortly before the Court issued its case management plan (Doc. No. 49-2 (March 18, 2026 Email).) The email appears to be the output from an AI platform copied and pasted into an email thread regarding the report on the parties' planning meeting. (*Id.* at 1–2.) At the end of the email, Petway asked the defendants if they were willing to produce certain materials without the need for formal Rule 34 discovery. (*Id.* at 2.) But Petway also included a section after her name titled "PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS," which says the request is "[p]ursuant to Rule 34" and includes an extensive list of requested documents. (*Id.*) As Petway seems to acknowledge (Doc. No. 49, at 3), it is ambiguous whether this was a formal Rule 34 request for documents because she proposes exchanging information outside of Rule 34 earlier in the email. But apart from that confusion, Petway shows no evidence that she ever followed up on this request. Nor does it excuse her failure to meaningfully participate in discovery over the following six months.

Finally, Petway asks the Court to withdraw its certification under § 1915(a)(3). (Doc. No. 49, at 7.) "An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). Good faith in this context is an objective standard and considers whether a litigant seeks appellate review of a nonfrivolous issue. *See Beard v. Memphis, TN Crim. & Judicial Sys.*, No. 17-2184-STA-cgc, 2017 WL 2805225, at *8 (W.D. Tenn. June 16, 2017). For the reasons underlying the Court's November 9, 2026 decision, an appeal from that decision would be frivolous and thus could not be taken in good faith. As a result, Petway's request that the Court withdraw its § 1915(a)(3) certification is denied.

## IV. CONCLUSION

In sum, Petway's Rule 59(e) motion and request that the Court reconsider its § 1915(a)(3) certification (Doc. No. 49) are **DENIED**. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be made in good faith.

**IT IS SO ORDERED**.

Dated: November 19, 2026

**HONORABLE SARA LIOI**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**